IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONY ALLEN COOLEY,

    **Plaintiff,**

    v.                              CASE NO. 25-3001-JWL

(FNU) HARDY, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Tony Allen Cooley, who is currently in custody at the Douglas County Jail in Lawrence, Kansas ("DCJ"), brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff names as Defendants "federal or KBI agent" Shelby Schoolcraft-Brown and Lieutenant Hardy of the DCJ. (Doc. 1, at 1–2.) Plaintiff claims that Defendant Schoolcraft-Brown approached him in September and attempted to entrap him into selling drugs and guns. *Id*. at 2. Plaintiff also claims that Defendant Schoolcraft-Brown is now an inmate at the DCJ and Defendant Hardy has housed Schoolcraft-Brown "next door" to Plaintiff in a further attempt to entrap Plaintiff. *Id*. at 2. Plaintiff asserts that these actions violate his rights under the Fifth and Fourteenth Amendments to the United States Constitution and show that Defendants are attempting to indict him without using a grand jury. *Id.* at 3.

On January 7, 2025, the Court entered a Memorandum and Order (Doc. 2) ("M&O") denying Plaintiff leave to proceed in forma pauperis, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no showing of imminent danger of serious physical injury. The Court granted Plaintiff until February 7, 2025, to submit the $405.00 filing fee. The M&O provides that "[t]he failure to submit

the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 2, at 3.) Plaintiff has failed to pay the filing fee by the deadline set forth in the M&O.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

 **IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated February 12, 2025, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
